**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

---

CONDUENT INCORPORATED,

        Plaintiff,

   v.

CX MANAGEMENT SERVICES, INC., d/b/a
Conduet,

        Defendant.

---

**Jury Trial Demanded**

---

## COMPLAINT

---

Plaintiff Conduent Incorporated (hereinafter "Conduent"), by and through its undersigned counsel, files this complaint against Defendant CX Management Services, Inc., d/b/a Conduet (hereinafter "Conduet") and alleges as follows:

### I.    PRELIMINARY STATEMENT

This is a case of trademark infringement, brought by Conduent against Conduet.

Plaintiff Conduent, under its fanciful CONDUENT mark, provides services directed toward enhancement of customer experience. Defendant Conduet, under a mere one-letter variant of Plaintiff's distinctive name and mark, provides directly overlapping services. Purporting to enhance customer experience, Conduet instead spawns consumer confusion. Conduet provides services:

- categorically identical to the services provided by Conduent;

- to the same class of consumers to which Conduent provides its services;

- via a website, conduet.com, just one keystroke away from Conduent's conduent.com site;

- under a coined trademark and trade name, CONDUET, just one letter away from the federally registered fanciful and distinctive mark CONDUENT;

- all to Conduet's undue benefit and Conduent's irreparable damage.

To redress Conduet's unlawful acts and Conduent's irreparable injury, and protect against ongoing and inevitable consumer confusion, Conduent herein brings its state and federal claims for monetary and injunctive relief.

## II.     THE PARTIES

1.      Conduent is a corporation organized and existing under the laws of the State of New York. Conduent maintains a principal office at 100 Campus Drive, Florham Park, New Jersey, 07932. Well known and highly regarded, Conduent runs large-scale digital and administrative operations for corporate and government clients, including nearly half of the Fortune 100 and more than 600 government and transportation agencies. The solutions and services Conduent provides are directed toward increased efficiencies, improved customer experiences and reduced costs.

2.      Conduet is a corporation organized and existing under the laws of the State of Delaware that does business under the trade name Conduet. Conduet maintains a principal office at 1209 Orange Street, Wilmington, Delaware, 19108. Conduet is also registered to do business in the state of Colorado and has registered the trade name "Conduet" in the state of Colorado. Conduet's registered agent in Colorado is located at

2

1500 North Grant Street, Suite R, Denver, Colorado, 80203. Upon information and belief, Conduet offers solutions and services to improve customer experience services and reduce costs.

### III.    JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121(a) in that Conduent asserts claims for infringement of federally registered trademarks and violations of federal law of unfair competition. The Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367 as these claims are so related to the federal claims in the action that they form part of the same case or controversy.

4.    Conduet is subject to personal jurisdiction in this District because Conduet is registered to do business in the state of Colorado, has registered its infringing CONDUET trade name in the state of Colorado, and/or has continuous and systematic contacts with Colorado. Further, Conduet has infringed upon Conduent's trademark rights and engaged in violations of federal and state law in this District, and therefore the claims arise from Conduet's contacts with Colorado.

5.    Conduet has also submitted itself to personal jurisdiction within this District because it has engaged in intentional activity within this District reasonably anticipated to cause serious injury to Conduent. The claims brought in this action are consistent with due process. This court has personal jurisdiction over Conduet.

6.    Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to the

#533679235_v1

claims occurred in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(1) because Conduet is subject to personal jurisdiction and resides in this District with respect to this action.

### IV.    FACTUAL ALLEGATIONS

#### A. <u>Conduent's Rights</u>

7.    Conduent is the owner of all right, title, and interest in and to the CONDUENT trademark and service mark (the "Mark"), which Conduent has used in U.S. commerce since at least January 3, 2017 in connection with *inter alia*, providing business services and customer experience support, as discussed in more detail below.

8.    Conduent is a business services company that runs large-scale digital and administrative operations for corporate and government clients across industries. Conduent has multiple current clients in the gaming space, and is actively pursuing additional prospects in the industry. Conduent's services enhance customer experiences, improve performance, increase efficiencies and reduce costs. More particularly, these services include:

　　　　　a. Customer support/contact-center operations through licensed agent services, including the Conduent CXNOW cloud-based contact center operations;

　　　　　b. Outbound and inbound call handling/telemarketing functions;

　　　　　c. Digital and administrative customer-interaction services, including through CX (customer experience) Transformation services; and

d. Services that leverage artificial intelligence (AI) to improve CX operations.

9.    Conduent uses, advertises, and promotes its services through its website (the "Conduent Website"), accessible at conduent.com (the "Conduent Domain Name").

10.    As a result of Conduent's widespread use, advertising, and promotion of its Mark, the Mark has become a distinctive indicator of Conduent's services, has acquired a favorable reputation among relevant members of the purchasing public and has become a valuable symbol of Conduent's goodwill.

11.    Conduent is the owner of a federal registration for the Mark, U.S. Registration No. 5297518 (the "Registration"), for services including general business management and consultation, outsourcing, business information management, logistics, sales, marketing, telemarketing, and customer relationship management.

12.    Conduent is also the owner of a federal registration for a CONDUENT design mark (the "Design Mark") (collectively, with the Mark: the "CONDUENT Marks"), U.S. Registration No. 5351697 (the "Design Mark Registration"; collectively, with the Registration, the "Registrations") for the same services as covered by the Registration (collectively, with the services discussed in Para. 8 above, the "CONDUENT Services").

13.    The Registrations are valid and subsisting. Documents downloaded from the U.S. Patent and Trademark Office Trademark Status & Document Retrieval database reflecting the current status and ownership of the Registrations are attached as **Exhibit A.**

#533679235_v1

14.    The Registrations constitute presumptive evidence of Conduent's ownership of the Marks, the validity of the Marks, and of Conduent's exclusive right to use the Marks in U.S. commerce in connection with the services identified in the Registrations.

15.    Conduent has expended substantial time, money, and resources marketing, advertising, and promoting the CONDUENT Services under the CONDUENT Marks. As a result of Conduent's long use, significant advertising and promotional efforts, extensive sales, and the high and consistent quality of the services offered under the CONDUENT Marks, the Marks have become strong indicators of the source of the CONDUENT Services and a symbol of substantial and valuable goodwill.

**B. Conduent's Unlawful Actions**

16.    On or around December 2, 2025, Conduent became aware that Conduet, without Conduent's authorization, had adopted and begun using a mark virtually identical to Conduent's CONDUENT Mark—CONDUET (the "Infringing Mark")—in connection with services overlapping and/or closely related to the CONDUENT Services; especially, as further discussed below, services directed toward enhancing customer experience (CX).

17.    Conduet, without Conduent's authorization, promotes its services under the Infringing Mark via its website, accessible at conduet.com (respectively, the "Infringing Website" and "Infringing Domain Name").

18.    Conduet is the registrant of the Infringing Domain Name, which itself differs from the Conduent Domain Name by a single letter.

#533679235_v1

19.      Conduet registered its near-copy CONDUET Mark as a trade name in the state of Colorado on May 28, 2020, nearly four years after Conduent first used and applied to register its CONDUENT Marks, and nearly three years after the issuance of the CONDUENT Registrations.

20.      Just like Conduent, Conduet offers services to enhance customer experiences, improve performance, increase efficiencies, and reduce costs.

21.      Conduet advertises three "products" on its website: "AI Agent," "CoPilot," and "Expert Agents." More particularly, these services include:

    a.  Customer support/contact-center operations through "expert" agent services;

    b.  Outbound and inbound call handling/telemarketing functions;

    c.  Digital and administrative customer-interaction services; and

    d.  "Real-time AI guidance" to improve CX operations.

22.      Each of these three categories of "product" directly overlaps with the services offered by Conduent.

23.      *First*, Conduent's AI Experience Center provides "personalized experiences" to consumers "at scale." In the same vein, Conduent's CXNow offers services to increase scale and speed in the field of customer support using cloud services to handle customer interactions.

24.      Conduet's "gameLM AI Agent" does the same: it provides instant resolutions to customer questions and gives "personalized support" to large volumes of inquiries, which it advertises as "scale on demand."

#533679235_v1

25.    Both Conduent and Conduet provide the referenced services under their

respective CONDUENT and CONDUET marks, as pictured below:



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

26.    *Second*, Conduent offers AI agent support through its AI Customer

Experience Management Solutions (CXM), including its Conduent CXNow and Customer

Contact Solutions. Each uses AI "virtual assistants" to provide real-time guidance.

#533679235_v1

27.    Similarly, Conduet's "gameLM CoPilot" is an AI service that, per Conduet, "makes every agent faster, smarter, and ready to deliver VIP-level" support to consumers. It purportedly does so by providing real-time AI guidance with a reduced handling time, which, as both Conduent and Conduet advertise, enhances personalization and scale.

28.    The respective offerings are pictured below:





29.     *Third*, Conduent offers licensed agent services for contact center support through a staffing program that specializes in providing fully licensed professionals:



30.     This is exactly the third "product" Conduent advertises: "expert agents" to deliver high-quality support:

#533679235_v1



31.    In sum, all of Conduet's services, offered under its infringing CONDUET mark, directly parrot the services CONDUENT has long provided under its distinctive CONDUENT Marks.

32.    Both Conduent and Conduet also target the same class of consumers—including game developers and other gaming industry players—and promote their respective services via their respective websites, hosted at domain names separated by a single keystroke.

33.    Conduet has made no effort to state or otherwise disclaim that it is not related to the well-known Conduent, allowing consumer confusion to work to its benefit. To be sure, an online search for Conduet's gaming service produces the following result:

#533679235_v1



34.    At no time has Conduet sought or received permission or license from Conduent to use the CONDUENT Marks.

35.    Conduet continues to use its Infringing Mark in connection with services overlapping and/or closely related to the CONDUENT Services.

36.    Conduet's infringing acts as alleged herein have caused and are likely to cause confusion, mistake and deception among members of the relevant consuming public as to the source or origin of Conduet's services and have and are likely to lead the relevant consuming public to believe, mistakenly, that Conduet's services originate from, are associated or affiliated with, or otherwise authorized by Conduent.

37.     Upon information and belief, Conduet's acts are willful, with the deliberate intent to trade on the considerable goodwill developed by Conduent in the CONDUENT Marks, to cause confusion and deception in the marketplace and divert potential sales of Conduent's services to Conduet.

38.     Conduet's acts are causing and, unless restrained, will continue to cause damage and immediate, irreparable harm to Conduent and to its valuable brand, reputation and goodwill with the consuming public, for which damage and harm Conduent has no adequate remedy at law.

## V.     CLAIMS FOR RELIEF

### COUNT ONE:
### Trademark Infringement of Federally Registered Trademarks under Lanham Act 15 U.S.C. § 1114

39.     Conduent realleges and incorporates by reference the allegations set forth in paragraphs 1-38 of this Complaint as if fully set forth herein.

40.     Conduent is the owner of U.S. Registration No. 5297518, for the CONDUENT Mark, covering the CONDUENT Services.

41.     Conduent is the owner of U.S. Registration No. 5351697 for the CONDUENT Design Mark, covering the CONDUENT Services.

42.     The CONDUENT Registrations are valid and subsisting.

43.     Conduet's use in commerce of the confusingly similar CONDUET trade name and services mark in commerce as alleged herein is likely to deceive and confuse consumers as to the origin, source, sponsorship, or affiliation of Conduet's services, and is likely to cause consumers to believe, contrary to fact, that Conduet's services are

authorized, endorsed, or sponsored by Conduent, or that Conduet is in some way affiliated with or sponsored by Conduent.

44.     Under 15 U.S.C. § 1072, Conduet, as a matter of law, is deemed to have had constructive notice of Conduent's rights in the CONDUENT Marks, as of the application filing dates of the Conduent Registrations; respectively, June 1, 2016 and September 23, 2016.

45.     Upon information and belief, Conduet had actual knowledge of the CONDUENT Marks and Conduent's rights therein prior to Conduet's adoption of the Infringing Mark, its registration of the Infringing Trade Name, its registration of the Infringing Domain Name, and its commission of the remainder of the infringing acts alleged herein.

46.     Upon information and belief, Conduet has committed the foregoing acts of infringement with full knowledge of the CONDUENT Marks and Conduent's prior rights therein and with the willful intent to cause confusion and trade on Conduent's goodwill.

47.     Conduet's conduct has caused and will continue to cause irreparable harm to Conduent, and to its goodwill and reputation, and will continue to both damage Conduent and confuse the public until enjoined by this court.

48.     Conduet is therefore liable to Conduent for trademark infringement under 15 U.S.C. § 1114.

49.     Conduent is entitled to, among other relief, injunctive relief and an award of actual damages, Conduet's profits, enhanced damages and profits, reasonable attorneys'

#533679235_v1

fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT TWO:**
**Federal Unfair Competition under Lanham Act**
**15 U.S.C. § 1125(a)(1)(B)**

50.     Conduent realleges and incorporates by reference the allegations set forth in paragraphs 1-38 of this Complaint as if fully set forth herein.

51.     By virtue of its longstanding use, Conduent is the owner of all right, title, and interest in and to its CONDUENT Marks in connection with, *inter alia*, services directed toward enhancing customer experience.

52.     Conduet's unauthorized use in commerce of the confusingly similar CONDUET trade name and service marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Conduet's services and is likely to cause consumers to believe, contrary to fact, that Conduet's services are authorized, endorsed, or sponsored by Conduent or that Conduet is in some way affiliated with Conduent.

53.     Conduet's unauthorized use in commerce of the Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

54.     Upon information and belief, Conduet's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Conduet with Conduent.

#533679235_v1

55.    Conduet's conduct as alleged herein constitutes unfair competition in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a).

56.    Conduet's conduct as alleged herein is causing immediate and irreparable harm and injury to Conduent, and to its goodwill and reputation, and will continue to both damage Conduent and confuse relevant members of the consuming public until enjoined by this court.

57.    Conduent is entitled to, among other relief, injunctive relief and an award of actual damages, Conduet's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT THREE:
### Federal False Designation of Origin Under Lanham Act
### 15 U.S.C. § 1125(a)(1)(A)

58.    Conduent realleges and incorporates by reference the allegations set forth in paragraphs 1-38 of this Complaint as if fully set forth herein.

59.    The CONDUENT Marks are fanciful, and therefore inherently distinctive, for the CONDUENT Services, including services directed toward the enhancement of customer experience.

60.    Conduet's use of the substantially similar CONDUET trade name and service mark in connection with services directed toward the enhancement of customer experience constitutes trademark infringement, unfair competition, and false designation of origin in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

#533679235_v1

61.     Conduet's conduct as alleged herein is causing immediate and irreparable harm and injury to Conduent, and to its goodwill and reputation, and will continue to both damage Conduent and confuse relevant members of the consuming public until enjoined by this court.

62.     Conduent is entitled to, among other relief, injunctive relief and an award of actual damages, Conduet's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT FOUR:**
**Trademark Infringement Under Colorado Law**

63.     Conduent realleges and incorporates by reference the allegations set forth in paragraphs 1-38 of this Complaint as if fully set forth herein.

64.     Conduent is the owner of the CONDUENT Marks.

65.     The CONDUENT Marks are valid and enforceable service marks.

66.     The CONDUENT Marks are fanciful for the CONDUENT Services.

67.     Conduet's use in commerce of the confusingly similar CONDUET trade name and service mark as alleged herein is likely to deceive and confuse consumers as to the origin, source, sponsorship, or affiliation of Conduet's services, and is likely to cause consumers to believe, contrary to fact, that Conduet's services are authorized, endorsed, or sponsored by Conduent, or that Conduet is in some way affiliated with or sponsored by Conduent.

#533679235_v1

68.     Upon information and belief, Conduet has committed the foregoing acts of infringement with full knowledge of Conduent's prior rights in the Conduent Mark and with the willful intent to cause confusion and trade on Conduent's goodwill.

69.     Conduet's conduct is causing immediate and irreparable harm to Conduent, and to its goodwill and reputation, and will continue to both damage Conduent and confuse the public unless enjoined by this court.

70.     Conduet is therefore liable to Conduent for trademark infringement under Colorado common law.

71.     Conduent is entitled to, among other relief, injunctive relief and an award of actual damages, Conduet's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Colorado law, together with prejudgment and post-judgment interest.

## COUNT FIVE:
## Unfair Competition Under Colorado Law

72.     Conduent realleges and incorporates by reference the allegations set forth in paragraphs 1-38 of this Complaint as if fully set forth herein.

73.     Conduent is the owner of the CONDUENT Marks.

74.     The CONDUENT Marks are valid and enforceable service marks.

75.     Conduent is using a confusingly similar trade symbol to identify similar services rendered in competition with Conduent in the same area as Conduent's established CONDUENT Marks.

#533679235_v1

76.     Conduet's actions have caused consumer confusion as to the origin or sponsorship of Conduet's goods or services.

77.      Conduet's conduct as alleged herein is causing immediate and irreparable harm and injury to Conduent, and to its goodwill and reputation, and will continue to both damage Conduent and confuse relevant members of the consuming public until enjoined by this court.

78.     Conduet is therefore liable to Conduent for unfair competition under Colorado common law.

79.     Conduent is entitled to, among other relief, injunctive relief and an award of actual damages, Conduet's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Colorado law, together with prejudgment and post-judgment interest.

**COUNT SIX:**
**Unjust Enrichment**

80.     Conduent realleges and incorporates by reference the allegations set forth in paragraphs 1-38 of this Complaint as if fully set forth herein.

81.     Conduent developed the Conduent Mark and reputation through extensive time, skill, labor and money.

82.     Conduet is a competitor of Conduent and has used the confusingly similar CONDUET trade name and service mark in connection services directed toward enhancement of customer experience in an effort to gain a special advantage.

83.     As a result, Conduet has unjustly profited (and continues to unjustly profit) by taking undue advantage of the goodwill and reputation associated with Conduent.

84.    Because Conduent has expended a large amount of time and resources to develop the CONDUENT Marks, and because Conduet has profited from use of a mark virtually identical to the CONDUENT Marks despite being unauthorized to use it, it would be unjust for Conduet to retain the benefit that Conduent's efforts have provided.

85.    Conduet's acts complained of herein constitute unjust enrichment by Conduet at Conduent's expense in violation of Colorado state common law.

86.    Conduet's acts complained of herein have damaged Conduent in an amount to be proven at trial, but no less than Conduet's profits from its wrongful acts.

87.    Accordingly, Conduent seeks a full accounting and recovery from Conduet for the benefits and profits Conduet has unjustly received and the disgorgement of any such profit realized by Conduet as a result of its tortious and unlawful acts in an amount to be proven at trial.

**COUNT SEVEN:**
**False and Misleading Representation Regarding Trademark Registration**

88.    Conduent realleges and incorporates paragraphs 1-38 of this Complaint as if fully set forth herein.

89.    Conduent displays the "®" symbol immediately adjacent to the designation "Conduet" on its website and in connection with the promotion of its services, as shown below.

#533679235_v1

90.     The use of the "®" symbol represents, falsely, to consumers, customers, and the trade that the designation "Conduet" is a federally registered trademark or service mark registered with the United States Patent and Trademark Office.

91.     In fact, Conduet does not own a federal trademark or service mark registration for the designation "Conduet," and the designation "Conduet" is not registered with the United States Patent and Trademark Office.

92.     Upon information and belief, Conduet does not own a registration for the alleged CONDUET mark in any jurisdiction.

93.     Conduet's use of the "®" symbol in connection with an unregistered designation constitutes a false and misleading representation of fact regarding the legal status, scope, and exclusivity of Conduet's purported (but actually non-existent) trademark rights.

94.     Conduet's false representation is material because it conveys to consumers and the marketplace that Conduet possesses federally protected trademark rights, including nationwide exclusivity, which Conduet does not possess.

95.     Conduet's false representation is likely to influence purchasing decisions by causing consumers to believe that Conduet is a legitimate, established, and federally protected brand, and by discouraging consumers from questioning whether Conduet is affiliated with, sponsored by, or otherwise connected to Conduent.

96.     Conduet's false representation regarding trademark registration further exacerbates the likelihood of confusion, mistake, and deception caused by Conduet's use

of a trade name and service mark that is virtually identical to Conduent's federally registered CONDUENT Marks.

97.    Upon information and belief, Conduet's misuse of the "®" symbol was willful and undertaken with the intent to mislead consumers and the trade into believing that Conduet, like Conduent, possesses trademark rights and associated legal protections, when in fact Conduet, unlike Conduent, does not possess any such rights or protections.

98.    Conduet's conduct constitutes false advertising and a false or misleading deception and representation of fact in commercial advertising and promotion in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

99.    As a direct and proximate result of Conduet's unlawful conduct, Conduent has suffered and will continue to suffer irreparable harm, including damage to its goodwill, loss of control over its brand and reputation, and increased consumer confusion and likelihood thereof, for which injuries there is no adequate remedy at law.

100.    Unless enjoined, Conduet will continue to engage in the foregoing unlawful conduct to the ongoing and irreparable harm of Conduent.

101.    Conduent is entitled to, among other relief, injunctive relief and an award of actual damages, Conduet's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Colorado law, together with prejudgment and post-judgment interest.

#533679235_v1

**COUNT EIGHT:**
**Violation of Colorado's Deceptive Trade Practices Act**
**C.R.S. § 6-1-105**

102.    Conduent realleges and incorporates paragraphs 1-38 of this Complaint as
if fully set forth herein.

103.    Conduet has engaged in deceptive trade practices in the course of its
business, in violation of the Colorado Deceptive Trade Practices Act, C.R.S. § 6-1-105,
including but not limited to the following acts:

a.  Knowingly making false representations as to the source,
sponsorship, approval, or certification of its services, in violation of
C.R.S. § 6-1-105(1)(b);

b.  Causing likelihood of confusion or misunderstanding as to the
source, sponsorship, approval, or certification of its services, in
violation of C.R.S. § 6-1-105(1)(b);

c.  Knowingly making false representations as to the affiliation,
connection, or association of Conduet with Conduent, or as to
Conduet's sponsorship or approval of Conduet's services, in
violation of C.R.S. § 6-1-105(1)(c);

d.  Failing to disclose material information concerning Conduet's lack of
affiliation with Conduent, where such failure was intended to induce,
and, upon information and belief, did induce consumers to enter into
transactions they otherwise would not have entered into, in violation
of C.R.S. § 6-1-105(1)(u); and

23

e.   Engaging in conduct that creates a likelihood of confusion or misunderstanding, including through the use of a trade name, domain name, and service mark that is a near-identical, one-letter variant of Conduent's federally registered and distinctive CONDUENT Marks.

104.   Conduet's deceptive trade practices occurred in the State of Colorado, including by registering and using the Conduet trade name in Colorado, operating an infringing website accessible to Colorado consumers, and offering overlapping customer-experience services to customers located in Colorado.

105.   Conduet's deceptive trade practices significantly impact the public, including actual and potential customers in Colorado, by creating confusion in the marketplace regarding the source, sponsorship, and legitimacy of customer-experience services offered under the Conduet name.

106.   As a direct and proximate result of Conduet's unlawful conduct, Conduent has suffered and will continue to suffer irreparable harm, including damage to its goodwill, loss of control over its brand and reputation, and increased consumer confusion, for which there is no adequate remedy at law.

107.   Unless enjoined, Conduet will continue to engage in the foregoing unlawful conduct to the ongoing and irreparable harm of Conduent.

108.   Conduent is entitled to, among other relief, actual damages, statutory treble damages as permitted by C.R.S. § 6-1-113(2)(a), reasonable attorneys' fees and costs, and such other relief as the Court deems just and proper.

#533679235_v1

## RELIEF REQUESTED AS TO ALL COUNTS

WHEREFORE, Conduent prays that judgment be entered against Conduet as follows:

a) Granting an injunction permanently enjoining Conduet, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

    i. distributing, marketing, advertising, promoting, or authorizing any third party to distribute, sell, market, advertise, or promote Conduet's services bearing any confusingly similar variation or colorable imitation of Conduet's Conduet Mark, including by operating under the trade name Conduet and utilizing the <conduet.com> domain name;

    ii. engaging in any activity that infringes Conduent's rights in its Conduent Mark;

    iii. engaging in any activity constituting unfair competition with Conduent;

    iv. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Conduet's services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or

otherwise connected with Conduent or (ii) the CONDUENT Services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Conduet;

v. using or authorizing any third party to use in connection with any services, any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Conduent's or tend to do so;

vi. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating any marks that infringes or is likely to be confused with Conduent's CONDUENT Marks, or any services of Conduent, or Conduent as their source; and

vii. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (i) through (vii).

b. Directing Conduet to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, and/or use of any advertisements, signs, displays and other materials that feature or bear any designation or mark incorporating the Infringing Mark or any other mark that is copy, simulation, confusingly similar variation or colorable imitation of Conduent's CONDUENT Marks;

26

c. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any services marketed, advertised, promoted, or otherwise offered or circulated by Conduet are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Conduent or constitute or are connected with Conduent's services;

d. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Conduet to file with the court and serve upon Conduent's counsel within thirty (30) days after service on Conduet of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Conduet has complied therewith.

e. Awarding Conduent an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) and C.R.S. § 6-1-113(2)(a);

f.  Directing that Conduet account to and pay over to Conduent all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Conduent for the damages caused thereby;

g. Awarding Conduent punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

27

h.   Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Conduent its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)) and C.R.S. § 6-1-113(2)(b) ;

i.   Awarding Conduent its interest, including prejudgment and post-judgment interest, on the foregoing sums; and

j.   Awarding such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated:  February 19, 2026                    **HOLLAND & KNIGHT LLP**

*/s/ Kenneth Chang*
Kenneth Chang
Colorado Bar No. 35353
Ken.Chang@hklaw.com
Edward Mayle
Colorado Bar No. 50920
Edward.Mayle@hklaw.com
1801 California Street
Suite 5000
Denver, Colorado 80202
303-974-6660 – Telephone
303-974-6659 – Facsimile

Robert S. Hill (admission pending)
Texas Bar No. 24050764
Robert.Hill@hklaw.com
1722 Routh Street
Suite 1500
Dallas, Texas 75201
214-964-9500 – Telephone
214-964-9501 – Facsimile

Daniel C. Neustadt (admission pending)
District of Columbia Bar No. 1023576
Dan.Neustadt@hklaw.com
800 17th Street N.W., Suite 1100
Washington, D.C. 20006
202-955-3000 – Telephone
202-955-5564 – Facsimile

Jenifer J. Norwalk (admission pending)
Florida Bar No. 1032053
Jenifer.Norwalk@hklaw.com
701 Brickell Avenue, Suite 3300
Miami, FL 33131
305-374-8500– Telephone
305-789-7799 – Facsimile

**ATTORNEYS FOR PLAINTIFF
CONDUENT INCORPORATED**

#533679235_v1